IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00310-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CARLOS GUADALUPE SANCHEZ-FELIX,

    Defendant.

# ORDER

    This matter is before the Court on Carlos Guadalupe Sanchez-Felix's Motion to Reconsider [Docket No. 40].  Defendant asks the Court to reconsider its December 28, 2021 order, Docket No. 33, denying his motion to dismiss the indictment charging a violation of 8 U.S.C. § 1326(a).  Docket No. 22.

    The background facts are provided in the Court's December 28 order, Docket No. 33, and will not be repeated here except as necessary to resolve defendant's motion to reconsider.  Defendant is charged with one count of violating 8 U.S.C. § 1326(a).  Docket No. 1 at 1.  Section 1326(a) makes it a crime for an alien who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in, the United States," unless certain conditions not relevant to this matter apply.  The indictment alleges that defendant is an alien who "was found in the United States after having been denied admission, excluded, deported, and removed from the United States on or about

January 4, 2019, and without the express consent of the proper legal authority to reapply for admission to the United States." Docket No. 1 at 1. The indictment also contains a notice of enhanced penalty, alleging that defendant's "denial of admission, exclusion, deportation[,] and removal was subsequent to a conviction for an aggravated felony offense." *Id.* at 2.

Defendant sought dismissal of the indictment, arguing that § 1326 is presumptively unconstitutional under *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977), because it was enacted with a discriminatory purpose. *See generally* Docket No. 22. Defendant argued that § 1326 should be reviewed under strict scrutiny and asked for an evidentiary hearing. *Id.* at 6 n.3, 28. The Court agreed with defendant that *Arlington Heights* applied because the Fifth Amendment's due process protections apply to non-citizens present in the United States. Docket No. 33 at 5, 6–7 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (holding that noncitizens present in the United States are entitled to the protection of the Fifth Amendment); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("There are literally millions of aliens within the jurisdiction of the United States. The Fifth Amendment . . . protects every one of these persons"). However, the Court found that defendant had not met his burden under *Arlington Heights* of demonstrating that § 1326, which is a facially neutral statute, both had a racially disparate impact and that Congress was motivated to enact § 1326 at least in part by racism. *Id.* at 12–18; *Arlington Heights*, 429 U.S. at 265–66. Defendant's arguments about Congress's motivations centered almost exclusively on the Undesirable Aliens Act of 1929 (the "1929 Act") – which, defendant argued, contained the original illegal reentry statute – not the more recent

Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, 66 Stat. 163 (codified at 8 U.S.C. § 1, et seq.), which is the law that defendant is charged with violating. Docket No. 33 at 12–17. Because the motivations of the members of Congress who passed the 1929 Act are of less probative value in determining the views of members of Congress who passed the INA, the Court found that defendant had not established that the enactment of the INA was motivated by racism. *Id.* at 16–18.

The Court also denied defendant's request for an evidentiary hearing. *Id.* at 19–20. The Court explained that "an evidentiary hearing need not be granted as a matter of course." *Id.* at 19 (citing *United States v. Novondo-Ceballos*, 2021 WL 3570229, at *6 (D.N.M. Aug. 12, 2021)). The Court explained that a hearing must be held "only if the moving papers allege facts with sufficient definiteness, clarity and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." *Id.* (quoting *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972)). Because defendant's proposed witnesses were offered to testify about the 1929 Act, the Court found that the witnesses' testimony would not show that defendant was entitled to relief and, therefore, an evidentiary hearing was not necessary. *Id.*

Defendant "asks the Court to consider evidence previously unknown to [him] at the time the motion to dismiss or the reply were filed" regarding the "racial animus that underlined the enactment of the [1929 Act]" that "continued through the enactment of the [INA]." Docket No. 40 at 1.

A district court may reconsider its prior rulings in criminal cases. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing.  *Id.*

Defendant does not identify an intervening change in the controlling law or argue that reconsideration is needed to correct an error by the Court or to prevent manifest injustice.  *See generally* Docket No. 40.  Instead, defendant claims to have identified "additional evidence" of racial animus.  *Id.* at 2–3.  This additional evidence comes in the form of affidavits provided by S. Deborah Kang, M.A., Ph.D., a professor at the University of Virginia, and Benjamin Gonzalez O'Brien, M.A., Ph.D., a professor at San Diego State University.  *Id.* at 1–2.

The problem with defendant's motion to reconsider is that defendant provides no explanation for why these affidavits could not have been provided in his motion to dismiss, given that whatever motivated Congress's passage of the INA in 1952 has not changed during the course of this case.  The Tenth Circuit has made clear that a "motion to reconsider should not be used to . . . advance arguments that could have been raised earlier."  *Christy*, 739 F.3d at 539.  Defendant provides no reason for the Court to find him entitled to the "extraordinary" and "exceptional" relief of reconsideration.  *See Servants of the Paraclete*, 204 F.3d at 1009.  The Court will, therefore, deny defendant's motion for reconsideration.

Defendant also provides no compelling argument for the Court to reconsider its order denying his request for an evidentiary hearing.  As the Court, noted a hearing

must be held "only if the moving papers allege facts with sufficient definiteness, clarity and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." Docket No. 33 at 19 (quoting *Novondo-Ceballos*, 2021 WL 3570229, at *6). First, the production of evidence that could have been raised previously but was not does not show "sufficient definiteness" that defendant is entitled to relief. Second, the fact that two courts may hold evidentiary hearings in purportedly similar cases is of no consequence. A district court is not bound by the decisions of another district court. *See Camreta v. Greene*, 563 U.S. 692, 714 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

For the foregoing reasons, it is

**ORDERED** that Carlos Guadalupe Sanchez-Felix's Motion to Reconsider [Docket No. 40] is **DENIED**.

DATED January 18, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge