

# Quick Facts
— *Illegal Reentry Offenses* —



## Fiscal Year 2018

▶ IN FY 2018, 69,425 CASES WERE REPORTED TO THE U.S. SENTENCING COMMISSION.

▶ 22,136 OF THESE INVOLVED IMMIGRATION OFFENSES.[1]

▶ 82.4% OF IMMIGRATION CASES INVOLVED ILLEGAL REENTRY.[2]

▶ ILLEGAL REENTRY OFFENSES HAVE INCREASED BY 8.6% SINCE FY 2014.



**Number of Illegal Reentry Offenders**

FY 2014: 16,674
FY 2015: 15,815
FY 2016: 15,813
FY 2017: 15,895
FY 2018: 18,241

**Top Districts for Illegal Reentry Offenders**[3]



- Western District of Texas: 4,867
- District of New Mexico: 3,168
- Southern District of Texas: 2,968
- District of Arizona: 2,196
- Southern District of California: 659

## Offender and Offense Characteristics

- Illegal reentry cases increased 14.8% in fiscal year 2018.

- 96.5% of illegal reentry offenders were men.

- 98.8% of illegal reentry offenders were Hispanic, 0.7% were White, 0.5% were Black, and almost none were Other races.

- Their average age was 36 years.

- 37.0% had little or no prior criminal history (Criminal History Category I);
  - 22.5% were CHC II;
  - 21.7% were CHC III;
  - 10.7% were CHC IV;
  - 5.0% were CHC V;
  - 3.1% were CHC VI.

- For offenders sentenced under the 2016 *Guidelines Manual* or later:
  - 30.4% of offenders received sentencing enhancements for a previous illegal entry conviction:
    - 24.6% for a felony reentry offense;
    - 5.8% for two or more convictions for misdemeanor illegal entry.
  - 36.3% of offenders received sentencing enhancements for a previous non-illegal reentry felony conviction or three misdemeanor drug trafficking/crime of violence convictions; of those offenders:
    - 18.6% only received an enhancement for a conviction *before* the offender's first deportation;
    - 14.6% only received an enhancement for a conviction *after* the offender's first deportation;
    - 3.1% received enhancements for convictions *before and after* the offender's first deportation;
  - 63.7% received no enhancement.

- Districts with the highest proportion of overall caseload comprised of illegal reentry offenses were:
  - District of New Mexico (81.1%);
  - Western District of Texas (61.8%);
  - District of Arizona (54.9%);
  - Southern District of Texas (50.5%);
  - District of Utah (33.4%).

## Punishment

- The average sentence for all illegal reentry offenders was ten months.

- 96.1% of illegal reentry offenders were sentenced to prison.

For more Quick Facts, visit https://www.ussc.gov/research/quick-facts.



www.ussc.gov
pubaffairs@ussc.gov
@theusscgov

— *Illegal Reentry Offenses* —

## Sentences Relative to the Guideline Range

- Of the 91.4% of illegal reentry offenders sentenced under the *Guidelines Manual*:

    - 76.0% were sentenced within the guideline range.

    - 19.4% received an Early Disposition Program (EDP) departure.[4]
        - Their average sentence reduction was 41.2%.

    - 3.9% received some other downward departure.
        - Their average sentence reduction was 40.1%.

- 8.6% received a variance; of those offenders:

    - 80.2% received a below range variance.
        - Their average sentence reduction was 41.7%.

    - 19.9% received an above range variance.
        - Their average sentence increase was 78.3%.

- The average guideline minimum and average sentence imposed has decreased over the past five years.

    - The average guideline minimum decreased from 21 months in fiscal year 2014 to ten months in fiscal year 2018.

    - The average sentence imposed decreased from 17 months in fiscal year 2014 to ten months in fiscal year 2018.

**Sentence Imposed Relative to the Guideline Range FY 2018**



**Sentence Relative to the Guideline Range (%)**



**Average Guideline Minimum and Average Sentence (months)**






[1] Immigration cases include cases sentenced under USSG §§2L1.1 (Smuggling, Transporting or Harboring an Unlawful Alien), 2L1.2 (Illegal Reentry), 2L2.1 (Trafficking in Documents Relating to Citizenship), 2L2.2 (Fraudulently Acquiring Documents Relating to Citizenship), and 2L2.5 (Failure to Surrender Canceled Naturalization Certificate).

[2] Illegal reentry involves cases in which the court applied USSG §2L1.2 as the primary sentencing guideline.

[3] Cases with incomplete sentencing information were excluded from the analysis.

[4] "Early Disposition Program (or EDP) departures" are departures where the government sought a sentence below the guideline range because the defendant participated in the government's Early Disposition Program, through which cases are resolved in an expedited manner. See USSG §5K3.1.

SOURCE: United States Sentencing Commission, FY 2014 through FY 2018 Datafiles, USSCFY14-USSCFY18